# In the United States Court of Federal Claims

No. 15-1307C
(Filed September 23, 2016)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * *
                                  *
CELLCAST TECHNOLOGIES,            *
LLC and ENVISIONIT, LLC,          *
                                  *
              Plaintiffs,         *
                                  *
      v.                          *
                                  *
THE UNITED STATES,                *
                                  *
              Defendant,          *
                                  *
      and                         *
                                  *
INTERNATIONAL BUSINESS            *
MACHINES CORP.,                   *
                                  *
              Third-party Defendant. *
                                  *
* * * * * * * * * * * * * * * * * *
```

## ORDER

Plaintiffs have requested leave to exceed the ten deposition limit of Rules 30(a) and 31(a) of the Rules of the United States Court of Federal Claims (RCFC). They face two opponents who have between them identified twenty-six different individuals, unconnected to the plaintiffs, who are likely to possess discoverable information. Jt. Prelim. Status Rep. (JPSR) at 7–8; Ex. A to JPSR at 2–6; Ex. B to JPSR at 2–3. Plaintiffs have also identified an additional sixteen current or former government employees who might possess relevant information. JPSR at 8.

Plaintiffs request that they be allowed up to twenty oral depositions, plus an unlimited amount of written depositions. *Id.* at 6–10; Pls.' Suppl. Submission at 1–2. Defendants do not object to raising the limit on the combined total of written and oral depositions taken by plaintiffs to twenty, but would request that a

particularized need be demonstrated to exceed this enhanced limit.  Defs.' Resp. at 2–4.

Parties are not, of course, entitled to depose every potential witness from the opposing side.  *See Sys. Fuels, Inc. v. United States*, 73 Fed. Cl. 206, 218 (2006).  But taking into consideration the large number of individuals identified by the defendants as likely possessing relevant information, at this juncture of the proceedings the Court is persuaded that limits of twenty oral depositions, and twenty-five depositions in total of either variety (oral or by written questions), are "proportional to the needs of the case."  RCFC 26(b)(1).  If plaintiffs find that these limits are too constraining, they may request leave to exceed them at that time, providing an explanation of the particularized need for the additional depositions.  As described above, plaintiffs' request is **GRANTED-IN-PART** and **DENIED-IN-PART**.

**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Judge